Galex Wolf, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
(732) 257-0550
(732) 257-5654 – FAX

Christopher J. McGinn
The Law Office of Christopher J. McGinn
P.O. Box 365
79 Paterson St.
New Brunswick, NJ  08901
(732) 937-9400 - tel
(800) 931-2408 – fax

Glen H. Chulsky, Esq.
Law Offices of Glen H. Chulsky
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000
(973) 252-9100 – FAX

**GSUSA**

AUG 0 6 2010

FREEHOLD, NJ 07728

Attorneys for Plaintiffs Kim Robinson and Jacob Robinson
on behalf of themselves and those similarly situated

| | |
|---|---|
| KIM ROBINSON and JACOB ROBINSON, on behalf of themselves and those similarly situated, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY – LAW DIVISION |
| Plaintiffs, | CIVIL ACTION |
| v. | Docket No.: MID-L-5361-10 |
| DONNA L. THOMPSON a/k/a LAW OFFICES DONNA L. THOMPSON, ESQ.; and JOHN DOES 1 to 25, | SUMMONS |
| Defendants. | |

The State of New Jersey, to the Named Defendant:  **DONNA L. THOMPSON**
a/k/a Law Offices of Donna L. Thompson, Esq.

The Plaintiff(s), named above, have filed a lawsuit against you in the Superior Court of New Jersey.  The Complaint attached to this Summons states the basis for this lawsuit.  If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it.  (The address of each Deputy Clerk of the Superior Court is provided.)  If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the

Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney or are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: July 30, 2010

/s/*Jennifer M. Perez*
Jennifer M. Perez
Clerk of the Superior Court of New Jersey

*Name of defendant to be served:*

**DONNA L. THOMPSON**
a/k/a Law Offices of Donna L. Thompson, Esq.

*Address for service:*

469 Herbertsville Road
Brick, NJ 08724
(Via Guaranteed Subpoena)

**GSUSA**

AUG 06 2010

FREEHOLD, NJ 07728

GSUSA

AUG 06 2010

FREEHOLD, NJ 07728

Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

**CIVIL CASE INFORMATION STATEMENT**
**(CIS)**

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY

PAYMENT TYPE: ☐CK ☐CG ☐CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Andrew R. Wolf, Esq. | (732) 257-0550 | Middlesex |

FIRM NAME (if applicable)
Galex Wolf, LLC

DOCKET NUMBER (when available)
L-5361-10

OFFICE ADDRESS
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902

DOCUMENT TYPE
Class Action Complaint

JURY DEMAND ■ Yes ☐ No

NAME OF PARTY (e.g., John Doe, Plaintiff)
Kim Robinson and Jacob Robinson,
Plaintiffs

CAPTION
Kim Robinson and Jacob Robinson vs. Donna L. Thompson, et als.

CASE TYPE NUMBER (See reverse side for listing)
508

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW
REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?
☐ Yes ■ No

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES
(arising out of same transaction or occurrence)?
■ YES ☐ No

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)
☐ NONE
■ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR
RECURRENT RELATIONSHIP?
☐ YES ■ No

IF YES, IS THAT RELATIONSHIP:
☐ EMPLOYER/EMPLOYEE
☐ FAMILIAL
☐ FRIEND/NEIGHBOR
☐ BUSINESS
☐ OTHER (explain)

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

Plaintiffs bring this action on behalf of themselves and others similarly situated for damages, declaratory and injunctive and other relief arising from the Defendants' violations of § 1692 et seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter, FDCPA).

This is a complex case and is a Putative Class Action Case.

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?
☐ YES ☐ No

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED?
☐ YES ☐ No

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center
10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
1st Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Floor, Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 North Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office, Attn: Intake
1st Floor, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street
P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
3rd Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

GSUSA

AUG 06 2010

FREEHOLD, NJ 07728

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999  OTHER (Briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603  AUTO NEGLIGENCE – PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280  Zelnorm
- 285  Stryker Trident Hip Implants
- 288  Prudential Tort Litigation

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category

☐ Verbal Threshold        ■ Putative Class Action        ☐ Title 59

GSUSA
AUG 06 2010
FREEHOLD, NJ 07728

Galex Wolf, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
(732) 257-0550
(732) 257-5654 – FAX

Christopher J. McGinn
The Law Office of Christopher J. McGinn
P.O. Box 365
79 Paterson St.
New Brunswick, NJ  08901
(732) 937-9400 - tel
(800) 931-2408 – fax

Glen H. Chulsky, Esq.
Law Offices of Glen H. Chulsky
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000
(973) 252-9100 – FAX

Attorneys for Plaintiffs Kim Robinson and Jacob Robinson
on behalf of themselves and those similarly situated

| | |
|---|---|
| Kim Robinson and Jacob Robinson, on behalf of themselves and those similarly situated, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY - LAW DIVISION |
| Plaintiffs, | Docket No. L- 5361-10 |
| vs. | **Civil Action** |
| Donna L. Thompson a/k/a Law Offices Donna L. Thompson, Esq.; and John Does 1 to 25, | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Defendants. | |

## NATURE OF THE ACTION

1.  Plaintiffs Kim Robinson and Jacob Robinson bring this action on behalf of themselves and

others similarly situated for damages, declaratory and injunctive and other relief arising from the

Defendants' violations of § 1692 et seq. of Title 15 of the United States Code, the Fair Debt

Collection Practices Act (hereinafter, FDCPA).

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. 1692 et seq. pursuant to 15 U.S.C. 1692k(d).

3.  Venue in this action properly lies in Middlesex County as the Defendants transact substantial business there and it is the location of Plaintiffs' residences.

## ALLEGATIONS OF FACT

Plaintiffs Kim Robinson and Jacob Robinson say:

## ALLEGATIONS CONCERNING THE PARTIES

4.  Plaintiffs Kim Robinson and Jacob Robinson reside in Piscataway, New Jersey.

5.  Plaintiffs are each a "consumer" as defined by section §1692a(3) of the FDCPA.

6.  Those similarly situated to Plaintiffs are "consumers" as defined by section §1692a(3) of the FDCPA.

7.  Donna L. Thompson a/k/a Law Offices Donna L. Thompson, Esq. (hereinafter, Thompson or Defendants), is a lawyer admitted to practice in New Jersey, with an office located at 469 Herbertsville Road, Brick, New Jersey.

8.  The principal purpose of Defendants is the collection of debts using the mails and telephone.

9.  Defendants regularly attempts to collect debts alleged to be due to another.

10. Within one year prior to the filing of the initial Complaint, Defendants sent more than 100 letters to consumers in New Jersey attempting to collect debts incurred primarily for personal, family or household purposes. Defendants regularly collect or attempt to collect debts due or alleged to be due another.

11. Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another.

12. Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, which debts were primarily for personal, family or household purposes.

13. Defendants use the mail or other instruments of interstate commerce in their attempts to collect debts due or alleged to be due another.

14. Defendants use the mail or other instruments of interstate commerce in their attempts to collect consumer debts owed or due or asserted to be owed or due another.

15. Defendants use the mail or other instruments of interstate commerce in their attempts to collect consumer debts owed or due or asserted to be owed or due another, which debts were primarily for personal, family or household purposes.

16. The principal business engaged in by Defendants is the collection of debts.

17. The principal business engaged in by Defendants is the collection of consumer debts.

18. The principal business engaged in by Defendants is the collection of debts, which debts were primarily for personal, family or household purposes.

19. On information and belief Defendants are "debt collectors" within the scope of the definition contained in 15 U.S.C. §1692 a(6) and interpretations thereof.

20. Defendants have been found to be a "debt collector" and/or have admitted to being a "debt collector" within the scope of the definition contained in 15 U.S.C. §1692a(6) and interpretations thereof in lawsuits brought against them within the last two years alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.).

21. Defendant John Does 1 to 25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery

and should be made parties to this action.

## ALLEGATIONS CONCERNING DEFENDANTS' DEBT COLLECTION PRACTICES

Plaintiff Kim Robinson and Jacob Robinson say:

22. Defendants initiated collection efforts against Plaintiffs on behalf of Thrift Investment Corporation.

23. On or about March 30, 2010, Defendants sent a letter to Plaintiffs dated March 30, 2010, a copy of which is attached as **Exhibit A** ("March 30 Letter").

24. The "Re:" line of the letter includes the following text in bold:

**Thrift Investment Corporation v. Kim Robinson and Jacob Robinson**
**Claim: $4,779.50 Thrift Account #309090**

**GSUSA**

AUG 06 2010

FREEHOLD, NJ 07728

25. At the time Defendants letter was sent, Thrift had not yet filed a lawsuit against the Robinsons.

26. The March 30 Letter identifies a debt claim in the amount of $4,779.50 allegedly owed to "Thrift". The letter does not indicate that interest will continue to accrue on the debt.

27. The debt alleged to be owed by Plaintiffs to Thrift is a consumer debt.

28. The debt alleged to be owed by Plaintiffs to Thrift was primarily for personal, family or household purposes.

29. The March 30 Letter states that "Unless you dispute the validity of this debt or any portion thereof, within thirty days, the debt will be assumed to be valid." The letter does not indicate which persons or entities will assume the debt to be valid unless Plaintiffs dispute it.

30. The March 30, 2010 Letter states: "You can avoid this prospect [legal action] by contacting us concerning this matter immediately upon receipt of this letter…"

31. The March 30, 2010 Letter is a form letter used by Defendants to collect debts on behalf of Thrift Investment Corporation.

32. The March 30, 2010 Letter is a form letter used by Defendants to collect debts on behalf of other creditors in addition to Thrift Investment Corporation.

33. Since one year prior to the filing of this Complaint, Defendants have sent a letter the same or similar to the March 30, 2010 Letter to more than 100 people.

34. Since one year prior to the filing of this Complaint, Defendants have sent a letter the same or similar to the March 30, 2010 Letter to more than 500 people.

35. On June 9, 2010 Defendants filed a complaint in New Jersey Superior Court against Defendants seeking $4,779.50 plus interest and attorney fees.

36. Defendants knew or should have known that their actions violated the FDCPA.

37. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## PLAINTIFFS SEEK CERTIFICATION OF A CLASS ACTION

38. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. Plaintiffs bring this action on behalf of themselves and others similarly situated. The Class is initially defined as follows:

> Any consumer who, any time on or after the day one year prior to the date this Complaint was filed who was sent and/or received an initial communication from Defendants the same or similar to the March 30, 2010 Letter in connection with the collection of any debt incurred primarily for personal, family or household purposes.

The class definition may be subsequently modified or refined. Specifically excluded from this class is any entity in which any Defendant has a controlling interest, and the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and their assigns of any entity, together with any immediate family member of any officer, director or employee of

said companies.  Also excluded from the Class is any Judge presiding over this Action and members of their immediate families.

39. Plaintiffs, on behalf of themselves and those similarly situated, seek to recover statutory damages, attorney's fees, costs and equitable relief on behalf of herself and those similarly situated under the Fair Debt Collection Practices Act.

40. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

41.  There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.  These common questions include:

   A.  Whether Defendants have violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e, §1692f and/or §1692g;

   B.  Whether Defendants accurately identified the amount of the debt allegedly owed by Plaintiffs and those similarly situated;

   C.  Whether Defendants represented that a lawsuit had been filed against Plaintiffs and those similarly situated when it had not;

   D.  Whether Plaintiffs and those similarly situated are entitled to declaratory and/or injunctive relief;

   E.  Whether Defendants' actions have proximately caused injury to Plaintiffs and those similarly situated and, if so, the proper measure of damages both actual and statutory.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  While the economic damages suffered by the individual class members are significant, the amount may be modest compared to the expense and burden of individual litigation. Additionally, the FDCPA allows for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

43. The claims of Plaintiffs are typical of the claims of the members of the Class. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

44. Plaintiffs do not have interests antagonistic to those of the Class.

45. The Class, of which Plaintiffs are members, is readily identifiable.

46. Plaintiffs will fairly and adequately protect the interests of the Class, and have retained competent counsel experienced in the prosecution of similar litigation.

47. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

48. Plaintiffs do not anticipate any difficulty in the management of this litigation.

### FIRST CLASS COUNT
**Fair Debt Collection Practices Act Violations**

49. Plaintiffs, on behalf of themselves and others similarly situated, repeat and reallege all prior allegations as if set forth at length herein.

50. Defendants have violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with their collection attempts against Plaintiffs and others similarly situated.

51. Defendants' debt collection notices and letters violate various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692g.

52. Defendants failed to accurately identify the amount of the debt allegedly owed by Plaintiff and those similarly situated.

53. The initial communication sent by the Defendants to Plaintiffs and all others similarly situated did not contain the validation notice required by the FDCPA (15 U.S.C. § 1692g(a))

54. Defendants violated the FDCPA by failing to send Plaintiffs and all others similarly situated a notice containing all of the required information pursuant to section § 1692g(a) of the FDCPA either in their initial written communications or within five days after their initial communications.

55. Defendants failed to provide the Notice required by the FDCPA (15 U.S.C. § 1692g(a)) within five days after the initial communications made by Defendants to Plaintiff and all others similarly situated in violation of the FDCPA.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with the collection of a debt from Plaintiff and others similarly situated.

57. Defendants violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiffs and others similarly situated.

58. Defendants' use of such false, misleading and deceptive letters violates provisions of the FDCPA including, but not limited to, violations of 15 U.S.C. § 1692e and § 1692f, because such conduct constitutes:

    a.    using false, deceptive or misleading representations or means in connection with the collection of debt, in violation of section § 1692e;

    b.    using unfair or unconscionable means to attempt to collect a debt, in violation of section § 1692f.

59. Defendants violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with their collection attempts against Plaintiffs and others similarly situated by engaging in unconscionable and/or illegal collection efforts.

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, demand judgment against the Defendants as follows:

A. For certification of a class action, appointing Plaintiffs as Class Representatives and their attorneys as Class Counsel;

B. For injunctive relief prohibiting Defendants from future violations of the FDCPA (15 U.S.C. 1692 et seq.) as set forth herein and requiring Defendants to comply with said statute and all applicable regulations;

C. For declaratory judgment that Defendants violated the FDCPA (15 U.S.C. §1692 et seq.);

D. For compensatory damages;

E. For punitive damages;

F. For maximum statutory damages under the FDCPA (15 U.S.C. §1692 et seq.) and all other applicable statutes;

G. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. §1692 k(a)(3) and all other applicable statutes;

H. For pre-judgment and post-judgment interest; and

I. For such other and further relief as Plaintiffs and others similarly situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Wolf, Esq. are hereby designated as trial counsel for Plaintiffs in the above matter.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that no other parties need to be joined in the above captioned action.

ANDREW R. WOLF
GALEX WOLF, LLC
Attorneys for Plaintiffs and those similarly situated

Dated: July 13, 2010

Page 10 of 10

# EXHIBIT A

Appended to:
Class Action Complaint and Jury Demand
Robinson vs. Donna L. Thompson, Esq., et al.
Docket No.: MID-L-_____-10

*LAW OFFICES*

# DONNA L. THOMPSON, ESQ.

469 Herbertsville Road
Brick, NJ 08724

Telephone: 732-458-3900
Fax:        732-458-3904

Our File No.  5379-09

March 30, 2010

Kim Robinson
129 Hale Street
New Brunswick, NJ  08901

Jacob Robinson
1013 Kerwin Street
Piscataway, NJ  08854

Re:   **Thrift Investment Corporation v. Kim Robinson and Jacob Robinson**
      **Claim: $4,779.50**
      **Thrift Account #309090**

Dear Ms. Robinson and Mr. Robinson:

Please be advised that this office has been retained by the above referenced creditor for collection of this matter. Unless you dispute the validity of this debt or any portion thereof, within thirty days, the debt will be assumed to be valid.

If, within thirty days of your receipt of this letter, you notify us in writing that the debt, or any portion thereof, is disputed, verification of the debt will be provided to you. We will provide you with the name and address of the original creditor, if different from the current creditor, if you request this information in writing within thirty days.

If you do not contact our office and make arrangements for payment of this matter, we will proceed in accordance with the instructions of our client in regard to collection. Legal action against you may be authorized, which may increase the amount for which you will ultimately be responsible.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

You can avoid this prospect by contacting us concerning this matter immediately upon receipt of this letter, please send all checks to this office payable to "Donna L. Thompson, Esq.- Attorney Trust Account." **PLEASE DO NOT CONTACT THE CREDITOR DIRECTLY.**

Hoping to avoid any unpleasantness in this matter, I remain,

Very truly yours,

DONNA L. THOMPSON

DLT:pd

cc:    Thrift Investment Corporation