03127-01053-JLS
06/2018233.v1
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By:  John L. Slimm (JLSlimm@mdwcg.com)
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002           856-414-6000
Attorneys for Defendant, Donna L. Thompson a/k/a Law Offices of Donna L. Thompson, Esquire

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### (TRENTON VICINAGE)

| | |
|---|---|
| KIM ROBINSON and JACOB ROBINSON, on behalf of themselves and those similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>DONNA L. THOMPSON a/k/a LAW OFFICES OF DONNA L. THOMPSON, ESQUIRE; and JOHN DOES 1 to 25<br><br>Defendants. | CIVIL ACTION NO:  3:10-cv-04143-JAP<br><br>**ANSWER, SEPARATE DEFENSES, DEMAND FOR AFFIDAVIT OF MERIT AND DEMAND FOR JURY TRIAL TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT ON BEHALF OF DEFENDANT, DONNA L. THOMPSON a/k/a LAW OFFICES OF DONNA L. THOMPSON, ESQUIRE** |

The answering defendant, Donna L. Thompson a/k/a Law Offices of Donna L. Thompson, Esquire, having offices at 469 Herbertsville Road, Brick, Ocean County, New Jersey, by way of Answer to the plaintiffs' Complaint, says:

### NATURE OF THE ACTION

1. The answering defendant denies that she violated §1692 of Title 15 of the United States Code and the Fair Collection practices Act.  The answering defendant denies that others are similarly situated.  The answering defendant denies the damages alleged.  The answering defendant denies the declaratory relief alleged.  The answering defendant denies the injunctive relief alleged.

## JURISDICTION

2. The answering defendant denies that she violated FDCPA, 15 U.S.C. §1692, *et seq.*, and 15 U.S.C. §1692k(d). Since this matter has been removed to the United States District Court for the District of New Jersey, it is admitted that the District Court has jurisdiction over this matter.

## ALLEGATIONS CONCERNING THE PARTIES

3. The answering defendant has insufficient knowledge to form a belief as to the allegations of paragraph 3.

4. The answering defendant has insufficient knowledge to form a belief as to the allegations of paragraph 4.

5. It is denied that there are others similarly situated.

6. Admitted.

7. Denied.

8. It is admitted that answering defendant collects debts. The remaining allegations are denied as pled.

9. Denied.

10. It is admitted that answering defendant collects debts. The remaining allegations are denied as pled.

11. It is admitted that answering defendant collects debts. The remaining allegations are denied as pled.

12. Admitted.

13. Admitted.

14. It is admitted that answering defendant collects debts. The remaining allegations are denied as pled.

06/1928453.v1

15. Denied. It is admitted that answering defendant is engaged in the collection of debts. The remaining allegations are denied as pled.

16. Denied. It is admitted that answering defendant collects consumer debts. The remaining allegations are denied as pled.

17. Denied. It is admitted that answering defendant collects debts. The remaining allegations are denied as pled.

18. Objection. This is a statement of law to which no answer need be given. Without waiving said objection, it is admitted that answering defendant collects debts.

19. It is denied that answering defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

20. The answering defendant makes no answer to the allegations of paragraph 21 as the same are not directed to answering defendant.

**ALLEGATIONS CONCERNING DEFENDANT'S DEBT COLLECTION PRACTICES**

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. It is admitted that the March 30, 2010 letter identifies the debt claim of $4,779.50 owed to Thrift Investment Corporation.

26. Admitted.

27. It is admitted that the March letter does not itemize the components of the debt claimed.

28. It is admitted that the March letter does not itemize the components of the debt claimed.

3

29. Objection. This is a statement of law to which no answer need be given. To the extent a response is deemed required, the allegation is denied.

30. Objection. This is a statement of law to which no answer need be given. To the extent a response is deemed required, the allegation is denied.

31. Admitted in part, denied in part. It is admitted that the March 30, 2010 letter states that, "Unless you dispute the validity of this debt or any portion thereof, within thirty days, the debt will be assumed to be valid." The remaining allegations are denied.

32. It is admitted that the March 30, 2010 letter includes the stated language.

33. Denied.

34. Denied.

35. Objection. This is a statement of law to which no answer need be given. To the extent a response is deemed required, the allegation is denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### PLAINTIFFS SEEK CERTIFICATION OF A CLASS ACTION

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## FIRST CLASS COUNT
### Fair Debt Collection Practices Act Violations

58. The answering defendant repeats all answers made to the allegations of the prior paragraphs as if fully set forth at length herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

5

68. Denied.

69. Denied.

70. Denied.

## **SEPARATE DEFENSES**

1. The answering defendant denies violations of 15 U.S.C. §1692, *et seq*.

2. The answering defendant denies violations of N.J.S.A. 56:8-2, *et seq*.

3. The answering defendant denies violations of N.J.S.A. 56:12-14, *et seq*.

4. The answering defendant breached no duties allegedly owed.

5. The answering defendant performed each and every duty allegedly owed.

6. The answering defendant deny that plaintiffs are entitled to a Declaratory Judgment.

7. The answering defendant denies the claims for certification.

8. The answering defendant denies the claims for statutory damages.

9. The answering defendant denies the claims for a refund.

10. The answering defendant denies the claims for attorneys' fees and costs under 15 U.S.C. §1692k(a)(3), N.J.S.A. 56:8-19, and N.J.S.A. 12-17.

11. The Complaint fails to state a claim upon which relief may be granted, and the answering defendant reserves the right to move to dismiss.

12. The answering defendant denies that she violated N.J.S.A. 14A:17-1.

13. The answering defendant denies that she violated 15 U.S.C. §1692.

14. The answering defendant denies that she violated 15 U.S.C. §1692(d).

15. The answering defendant denies that she violated 15 U.S.C. §1692(e).

16. The answering defendant denies that she violated 15 U.S.C. §1692(e)(2).

17. The answering defendant denies that she violated 15 U.S.C. §1692(e)(5).

18. The answering defendant denies that she violated 15 U.S.C. §1692(e)(10).

19. The answering defendant denies that she violated 15 U.S.C. §1692(f).

20. The answering defendant denies that she violated 15 U.S.C. §1692(f)(1).

21. The answering defendant denies that she violated 15 U.S.C. §1692(g)(a).

22. The answering defendant denies that plaintiffs are entitled to declaratory relief under 15 U.S.C. §1692.

23. The answering defendant denies that plaintiffs are entitled to damages under 15 U.S.C. §1692, *et seq*.

24. The answering defendant denies that plaintiffs are entitled to attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3).

25. The answering defendant denies that she engaged in any deception, fraud, false pretense, or false promise.

26. The Complaint is barred since plaintiffs failed to file an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27, and the answering defendant reserves the right to move to dismiss.

27. The answering defendant denies that there was any deviation from approved standards of care.

28. The plaintiffs' claims are barred or, in the alternative, the damages to which plaintiffs are entitled must be reduced under the Doctrine of Comparative Negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq*.

29. The plaintiffs' claims are barred pursuant to the Doctrines of Laches, Waiver, and Estoppel.

30. The conduct complained of constitutes the non-actionable, strategic decisions of counsel, and the answering defendants reserve the right to move to dismiss.

31. The claims are barred pursuant to the litigation privilege, and the answering defendant reserves the right to move to dismiss.

32. Since plaintiffs do not satisfy the requirements for making a Class Action Complaint, and class action certification should be denied.

33. Since the Complaint does not satisfy Fed. R. Civ. P. 23, the Complaint should be dismissed, and the class action claims and certification should be denied.

34. Since answering defendant did not violate 15 U.S.C. §1692, *et seq.*, N.J.S.A. 56:8-2, *et seq.*, or N.J.S.A. 56:12-14, *et seq.*, the Complaint should be dismissed, class certification should be barred, and the answering defendant reserves the right to move to dismiss.

35. Since the plaintiffs have failed to satisfy Fed. R. Civ. P. 23(a)(1), (2), (3) and (4), the Complaint should be dismissed, the claims for class action are barred, and answering defendant reserves the right to move to dismiss.

36. Since the plaintiffs have failed to satisfy the requirements of Fed. R. Civ. P. 23(b)(1)(A)(B), the Complaint should be dismissed, class action certification is barred, and the answering defendant reserves the right to move to dismiss.

37. Since plaintiffs have failed to satisfy Fed. R. Civ. P. 23(b)(3), the Complaint should be dismissed, class action certification is barred, and the answering defendant reserves the right to move to dismiss.

38. The answering defendant denies violation of 15 U.S.C. §1692e and 1692f.

39. The answering defendant denies violation of 15 U.S.C. §1692g(a).

8

06/1928453.v1

## DEMAND FOR AFFIDAVIT OF MERIT

PLEASE TAKE NOTICE that the answering defendant hereby demands that plaintiffs file a timely Affidavits of Merit pursuant to N.J.S.A. 2A:53A-27.

PLEASE FURTHER BE ADVISED that answering defendant hereby reserves the right to move to dismiss based upon plaintiffs' failure to file the required Affidavits of Merit pursuant to N.J.S.A. 2A:53A-27.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

PLEASE TAKE NOTICE that we hereby demand that you serve upon us within five (5) days from the date of service of this Answer upon you a written specification of the amount of money damages claimed.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that answering defendant hereby demands a trial by jury as to all issues.

> MARSHALL, DENNEHEY, WARNER,
> COLEMAN & GOGGIN
> Attorneys for Defendant, Donna L.
> Thompson a/k/a Law Offices of Donna L.
> Thompson, Esquire
>
> BY:___/s/ John L. Slimm_____
>       JOHN L. SLIMM

Dated:  November 17, 2010