RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JUN - 9 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Kim Robinson and Jacob Robinson, on behalf of themselves and those similarly situated,

   Plaintiffs,

vs.

Donna L. Thompson a/k/a Law Offices Donna L. Thompson, Esq.; and John Does 1 to 25,

   Defendants.

Hon. Tonianne J. Bongiovanni

Case No. 3:10-cv-04143-JAP-TJB

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS MATTER** presented for hearing before the Honorable Tonianne J. Bongiovanni, U.S.M.J., in order for this Court to conduct a preliminary hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to provisionally certify the Settlement Class, to address the appointment of Class Counsel and Class Representatives, and to schedule a Fairness Hearing; and the Plaintiff and Settlement Class members being represented by Class Counsel and Defendant being represented by her attorneys;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted jointly by counsel for the parties, having reviewed and considered the parties' Memorandum in Support of Motion for Preliminary Approval of Class Action

Settlement, and the declarations submitted in support of the motion, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. This litigation was commenced by Plaintiffs in the Middlesex County Superior Court, Law Division, as a class action against Defendant. The claims asserted by Plaintiffs were based on the Fair Debt Collection Practices Act ("FDCPA")(15 U.S.C. § 1692).

2. Defendant removed this matter to the District Court of New Jersey.

3. Shortly after the matter was removed to the District Court of New Jersey, Plaintiffs filed an Amended Complaint in which Plaintiffs alleged, in part, that the Defendant violated the FDCPA (15 U.S.C. § 1692 et seq.) by sending a debt collection letter that failed to contain the complete notice required by 15 U.S.C. § 1692g and which requested an amount for attorney's fees without itemizing those fees in that initial collection letter or notice.

4. The Defendant has denied any and all liability alleged in the Complaint and Amended Complaint.

5. As a result of arm's-length negotiations between Class Counsel and Defendant's Counsel, Counsel for the Parties reached

a settlement that provides, among other relief, monetary relief to the Settlement Class members.

6. The Parties now request approval of a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).

7. The Court has read and considered the Settlement Agreement, the Brief and certifications submitted in support of it, the accompanying documents and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

8. The motion for Preliminary Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

9. The Court has jurisdiction over the subject matter of this matter and over all Parties hereto.

10. Defendant shall serve written notice of the proposed class settlement in compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4.

11. Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class is certified for purposes of settlement:

> All New Jersey consumers who, any time on or after July 19, 2009 and ending on the date that the settlement is preliminarily approved by the court, were sent an initial communication from Defendant the same or similar to the March 30, 2010 letter sent to Plaintiffs.

Excluded from the Class are the following:

a) any entity in which any Defendant has a controlling interest, and the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and their assigns of any entity, together with any immediate family member of any officer, director or employee of said companies; and b) any Judge presiding over this Action and members of their immediate families.

12. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification under Rule 23 in that:

    a. The members of the above defined class are so numerous that joinder of all members is impracticable.

    b. There are questions of law and fact common to the Settlement Class.

    c. The claims of the Class Representatives (appointed below) are typical of the claims of the Settlement Class.

    d. The Class Representatives fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between the Class Representatives and members of the Settlement Class.

    e. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Class.

    f. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

13. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement attached hereto as **Exhibit A**, is fundamentally fair, reasonable, adequate and is in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class members.

14. Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiffs Kim Robinson and Jacob Robinson each fairly and adequately represent and protect the interests of the Settlement Class and appoints them as Class Representatives.

15. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Christopher J. McGinn, Esq., Andrew R. Wolf, Esq. and Glen H. Chulsky, Esq. as Settlement Class Counsel.

16. The Settlement Agreement, which is attached hereto as **Exhibit A**, provides in part for Defendant to (1) establish a settlement fund with the Settlement Administrator in the amount of $5,000 to be distributed so that each Settlement Class member will receive a pro rata share of the settlement fund, which currently means that each Settlement Class member will receive a check in the amount of $30.12; (2) pay Plaintiffs' reasonable counsel fees, costs and expenses and the Class Representative's

incentive payment, as provided by the Court; and (3) pay the costs of administration of the settlement and Notice to the Class.

17. The Court approves ~~A. B. Data, Ltd.~~ *FIRST CLASS, INC.* as the Settlement Administrator. The Settlement Administrator shall be responsible for administering the Settlement according to the terms set forth in the Settlement Agreement and as Ordered herein.

18. Defendant will provide an electronic database containing the identifying information of Settlement Class Members to the Settlement Administrator no later than ten (10) days after the date of preliminary approval of the Settlement by the Court.

19. Pursuant to the settlement agreement, Defendant will furnish Class Counsel with a supporting Certification of Due Diligence confirming the completeness and accuracy of the electronic database pursuant to the Settlement Agreement.

20. The costs of administering the settlement, including but not limited to, printing the Notice, updating the database and mailing the Notice and, thereafter, issuing and mailing the settlement checks shall be paid exclusively by Defendant and such payment shall not reduce or diminish in any way Defendant's obligations to the Settlement Class as identified in the Settlement Agreement attached hereto as **Exhibit A.**

21. The Court finds that the mailing and distribution of the Settlement Class Notice attached hereto as **Exhibit B** in the

manner set forth herein and the Settlement Agreement is the best notice practicable under the circumstances, consistent with due process of law, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.

22. The Settlement Administrator shall cause the Notice to be postmarked and mailed to all Settlement Class members in accordance with the terms of the Settlement Agreement in substantially the same form as **Exhibit B**, by _July 1_, 2011.

23. No later than seven (7) days after the Objection/Exclusion Deadline Date described herein, the Settlement Administrator shall file with the Court and provide copies to Class Counsel and Defendant's counsel one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement.

24. Any Member of the Settlement Class may elect to be excluded from the Settlement and from the Settlement Class by opting out of the Settlement Class. Those who desire to exclude themselves must submit to the Settlement Administrator at the address set forth in the Notice a signed Request for Exclusion that includes their name and a statement requesting exclusion from the Settlement Class in accordance with the terms set forth in the Settlement Agreement. To be effective, a Request for Exclusion must be received by the Settlement Administrator by no

later than 5:00 p.m., Eastern Standard Time, on *August 12* 2011.

25. No later than seven (7) days after the Objection/Exclusion Deadline Date, the Settlement Administrator shall:  (a) deliver to Class Counsel and to Defendant's counsel copies of any and all Requests for Exclusion that have been received by the Settlement Administrator and the Settlement Administrator's determinations whether each Request for Exclusion was timely received and (b) notify in writing any Class Member for whom the Settlement Administrator has determined that a Request For Exclusion received from the Class Member was not timely received.

26. All Class Members who do not submit a valid and timely Request for Exclusion excluding themselves from the Class shall be bound by the terms of this Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or unfavorable to the Class. All those who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement and shall not be afforded any of the relief described in the Settlement Agreement.  Any member of the Settlement Class who excludes himself or herself from the Settlement Class cannot formally object to the terms of the settlement.

27. Class Counsel shall file and serve its application for attorney's fees and expenses in an amount not to exceed $37,500 by no later than ten (10) days prior to the date of the Fairness Hearing.

28. A Fairness Hearing shall be held before this Court at *Noon* ~~a.m. or p.m.~~, on *October* *11*, 2011 (or sometime that week), in Courtroom *6E* at the United States Courthouse, District of New Jersey, 402 E. State Street, Trenton, New Jersey on the proposed Settlement including: a) whether to grant final approval to the Settlement as fair, reasonable, and adequate and issue an Order dismissing the Complaint with prejudice; b) to decide the amount of reasonable attorney's fees and costs to be awarded to Class Counsel; and c) whether to approve the incentive awards to Plaintiffs. This hearing may be adjourned from time to time without further or prior notice by oral announcement by the Court or by written order.

29. Any Member of the Class may appear, in person or through counsel (at their own expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and Class Representative incentive payments provided, however, no person shall be heard in opposition to the proposed

Settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court unless such person has timely filed with the court a written objection and sent a copy to Class Counsel, Defendant's Counsel and the Court in the manner described in the Notice.

30. Objections not conforming to the requirements set forth in the Notice shall be stricken and shall not be considered or heard by this Court. To be effective, a written objection must contain a concise statement of each objection being made; a detailed description of the facts underlying each objection; a detailed description of the legal authorities underlying each objection; a statement of whether the objector intends to appear at the Fairness Hearing; a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits, and it must be received by the Court, Class Counsel and Defendant's counsel by no later than 5:00 p.m., Eastern Standard Time, on _August 12_, 2011.

31. In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or

any one of the conditions precedent set forth in the Settlement Agreement is not met, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved *ab initio* without further order of the Court, and become null and void and of no force and effect, and in such event all *status quo ante* rights of Defendants to, among other things, (i) oppose any subsequent efforts by the Class Plaintiffs to certify this action as a class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the Settling Class.

**IT IS SO ORDERED.**

Dated: June 9, 2011

_____
HON. TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE